IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF:<br><br>a light green 2009 Toyota Prius 4 door sedan bearing Hawaii License plate number MSR-136 and vehicle identification number JTDKB20U193487304, and registered Leatrice Lehua Hoy,<br>_____ | MC 09-00101 JMS-BMK |

**FINDINGS AND RECOMMENDATION TO DENY**
**PETITIONS FOR RETURN OF PROPERTY**

Before the Court are: Petitioners Petro Hoy and Lehua Hoy's[1] ("Petitioners") Notice of Verified Objection to Seizure Conducted by Special Agent Steven P. Carter, et al. and Request for Court's Certified Copy of the Affidavit of Probable Cause and the Enjoined Appropriate Process and in the Alternative Return the Seized Property, filed April 16, 2009 ("04/16/09 Petition"); Petitioners' Second Notice of Verified Objection to Seizure Conducted by Special Agent Steven P. Carter, et al. and Request for Court's Certified Copy of the Affidavit of Probable Cause and the Enjoined Appropriate Process and in the Alternative Return the Seized Property, filed April 24, 2009 ("04/24/09 Petition"); and Petitioners' Third Notice of Verified Objection

---

[1] Petro Hoy and Lehua Hoy are husband and wife.

to Seizure Conducted by Special Agent Steven P. Carter, et al. and Request for Court's Certified Copy of the Affidavit of Probable Cause and the Enjoined Appropriate Process and in the Alternative Return the Seized Property, filed on April 30, 2009 ("04/30/09 Petition") (collectively "Petitions").

On May 19, 2009, Respondent United States of America ("the Government") filed its Response to Objections and Motions for Return of Property Filed by John Oliver, Petro Hoy, Lehua Hoy, Pilialoha Teves, and Mahealani Ventura-Oliver ("Response").

The Court construes the Petitions as requests to unseal the applications and affidavits for search warrant, and for return of property pursuant to Fed. R. Crim. P. 41(g).  This Court further finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.2(d).

After careful consideration of the Petitions, Response, exhibits and declarations, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that the Petitions be DENIED for the reasons set forth below.

## BACKGROUND

On April 6, 2009, Steven Carter, Special Agent with the Federal Bureau of Investigation ("FBI" and "Agent Carter"), filed his Application and Affidavit for Search Warrant ("Search Warrant").  At some point prior to April 8, 2009, Agent Carter and/or other agents seized an account at First Hawaiian Bank in

the name of Petro T. Hoy Trust, care of Petro T. Hoy ("FHB Account").  On April 14, 2009, Agent Carter and other agents presented themselves at 310 Hookahi Street, Suite 201, and seized a green 2009 Toyota Prius sedan, registered to Leatrice Lehua Hoy.  [04/16/09 Petition at 2.]  The instant Petitions followed.

Petitioners, in the 04/16/09 Petition, state:

> 3.   We HEREBY REQUEST Court's certified copy of the FBI's appropriate process authorization and receivership to seize Our private property.
> 4.   If Court, in the alternative, should not possess the appropriate process, authorization and receivership, order the instant return of Our wrongfully seized Property.

[Id.]  The 04/24/09 Petition contains an identical request, and the 04/30/09 Petition contains a similar request.  [04/24/09 Petition at 2; 04/30/09 Petition at 2.]

In its Response, the Government states that it is "conducting a criminal investigation into the activities of various individuals involved in the marketing of a program which allegedly provides mortgage loan assistance to individuals experiencing financial difficulties."  [Response at 3.]  No criminal charges have yet been brought and "the nature and scope of the ongoing investigation is confidential."  [Id. at 3-4.]  The Government acknowledges that, on April 6, 2009, the FBI "obtained two search warrants and seizure warrants from this Court."  [Id. at 4.]  More specifically, these documents entailed:

>    The search warrants authorized searches of (1) offices located at 310 Hookahi Street, Suite 201, Wailuku, Maui (Mag. No. 09-00243 LEK), and (2) a residence located at Lot 77 of the Waiolani Mauka Subdivision in Waikapu, Maui (Mag. No. 09-00253 LEK).  The seizure warrants authorized the seizure of (1) funds contained in six Maui County Federal Credit Union accounts held in the names of Hawaiiloa Foundation, Mahealani Ventura-Oliver and/or the John D. Oliver Trust (Mag. No. 09-00244 LEK), (2) funds contained in two Hawaii National Bank accounts held in the names of Pilialoha K. Teves and Kaikaikaokalani K. Teves (Mag. No. 09-00245 LEK), (3) funds in a First Hawaiian Bank account held in the name of the Petro T. Hoy Trust (Mag. No. 09-00246 LEK), (4) a 2005 Toyota Tacoma pickup truck registered to John D. Oliver (Mag. No. 09-00247 LEK),(5) [sic] a 2006 Toyota Tacoma pickup truck registered to John D. Oliver and Ihilani K.A. Catugal (Mag. No. 09-00248 LEK), (6) a 2009 Toyota Prius registered to Leatrice Lehua Hoy (Mag. No. 09-00249 LEK), (7) assorted gold and silver coins (Mag. No. 09-00250 LEK), and (8) a gold bracelet (Mag. No. 09-00251 LEK).

[Id. at 4 n.1.]

The Government urges that the Petitions be denied because Petitioners were given copies of the warrants, and these warrants represent the Court's determination that the searches and seizures were supported by probable cause.  To the extent that Petitioners seek disclosure of the affidavits filed in support of these warrants, the Government argues that the request should be denied because of the ongoing criminal investigation and because these affidavits were sealed by court order.  If the Petitions are construed as motions to return property pursuant to Fed. R. Crim. P. 41(g), then the Government submits that the Court should deny the motions because Petitioners cannot show

that the Court should exercise its equitable jurisdiction in this matter.

## DISCUSSION

### I.   Unsealing Search Warrants

Petitioners request unsealing of the applications and affidavits for search warrant.  The Government points out that the criminal investigation is still ongoing and that Petitioners were provided with copies of the search warrant and a receipt of the items taken.

"Normally a search warrant is issued after an *ex parte* application by the government and an *in camera* consideration by a judge or magistrate [judge]."  Times Mirror Co. v. United States, 873 F.2d 1210, 1214 (9th Cir. 1989) (citation omitted).  Here, the Government, concurrent with its submission of the applications and affidavits for search warrant, filed a motion to seal these documents which was granted upon a showing that the criminal investigation required secrecy.  Sealing orders may be "granted freely upon a showing that a given criminal investigation requires secrecy."  Id.  There is "no First Amendment right of access to search warrant proceedings and materials when an investigation is ongoing but before indictments have been returned."  Id. at 1218.  Nor have Petitioners identified anything other than an unspecified need for the applications and affidavits for search warrant before the

5

criminal investigation has been concluded and/or indictments have been returned.

This Court FINDS that Petitioner Lehua Hoy was given a copy of the warrant, as well as a receipt, for the seizure of her vehicle. [Response, Exh. E.] This Court also FINDS that Petitioners had notice of the seizure of the FHB Account. Agent Carter gave Charles S.J. Davis a copy of the warrant, and a receipt, for the seizure of the FHB Account. Mr. Davis is with First Hawaiian Bank's security department, and he informed Lehua Hoy of the seizure of the account. [Response, Exh. D; 04/16/09 Petition at 2.] This Court further FINDS that the record favors denying Petitioners' request to unseal the applications and affidavits for search warrant at this time. This Court therefore RECOMMENDS that the district judge DENY the Petitions to the extent that Petitioners seek copies of the search and seizure warrants, and the affidavits filed in support of these warrants, before the criminal investigation has concluded and/or indictments have been returned.

## II.  **Rule 41(g)**

Return of property in a criminal case is governed by Rule 41(g), which provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Rule 41(g) is ordinarily used to seek

the return of property after an indictment is issued.  Criminal proceedings have not been instituted against Petitioners at this time.  "Nonetheless, district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant."  Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993) (citing United States v. Martinson, 809 F.2d 1364, 1366-67 (9th Cir. 1987)) (construing former Fed. R. Crim. P. 41(e), the subsection that formerly pertained to motions for return of property).  In those instances, "[t]hese motions are treated as civil equitable proceedings and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction."  Id. (quoting Kitty's East v. United States, 905 F.2d 1367, 1370 (10th Cir. 1990).

In deciding a pre-indictment Rule 41(g) motion, several factors must be considered:

> [B]efore a district court can reach the merits of a pre-indictment [Rule 41(g)] motion, the district court must consider whether: (1) the Government displayed a callous disregard for the constitutional rights of the movant; (2) the movant has an individual interest in and need for the property he wants returned; (3) the movant would be irreparably injured by denying return of the property; and (4) the movant has an adequate remedy at law for the redress of his grievance. If the balance of equities tilts in favor of reaching the merits of the Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion.

United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005)

(citations and quotation marks omitted) (alterations in original).  As to the first factor, an *in camera* review of the Application and Affidavit for Search Warrant supports a finding that the Government has not displayed a callous disregard for Petitioners' constitutional rights.  The second factor appears to be neutral as Petitioners have individual interests in the property seized, but there is no evidence that they need to have the property returned at this time (as opposed to after the investigation is completed).  [Response, Exhs. D & E.]  As to the third factor, because the property seized is neither perishable nor unique, this Court cannot conclude that Petitioners would be irreparably injured by denying return of the property before the investigation has been completed.  Finally, as to the fourth factor, if an indictment is rendered against Petitioners, they can file a post-indictment Rule 41(g) motion for return of property.  Likewise, if the Government does not indict them and fails to return their property or damages the property in some manner, they can file a civil lawsuit.  Thus, an adequate remedy at law for redress does exist.

On balance, this Court FINDS that the equities do not tilt in favor of reaching the merits of the Rule 41(g) motion, and RECOMMENDS that the district judge should not exercise its equitable jurisdiction to entertain the motion.

## **CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS and RECOMMENDS that Petitioners Petro Hoy and Lehua Hoy's Notice of Verified Objection to Seizure Conducted by Special Agent Steven P. Carter, et al. and Request for Court's Certified Copy of the Affidavit of Probable Cause and the Enjoined Appropriate Process and in the Alternative Return the Seized Property, filed April 16, 2009, Petitioners' Second Notice of Verified Objection to Seizure Conducted by Special Agent Steven P. Carter, et al. and Request for Court's Certified Copy of the Affidavit of Probable Cause and the Enjoined Appropriate Process and in the Alternative Return the Seized Property, filed April 24, 2009, and Petitioner's Third Notice of Verified Objection to Seizure Conducted by Special Agent Steven P. Carter, et al. and Request for Court's Certified Copy of the Affidavit of Probable Cause and the Enjoined Appropriate Process and in the Alternative Return the Seized Property, filed on April 30, 2009, be DENIED.

**IT IS SO FOUND AND RECOMMENDED.**

DATED AT HONOLULU, HAWAII, June 25, 2009.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**IN THE MATTER OF THE SEIZURE OF: a light green Toyota 2009 Prius, etc.; MC 09-00101 JMS-BMK; FINDINGS AND RECOMMENDATION TO DENY PETITIONS FOR RETURN OF PROPERTY**